UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 03-CR-10352-JLT |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY MATTHEWS, | ) | |
|    a/k/a  Jermaine, | ) | |
|    a/k/a  Germaine, | ) | |
|       Defendant | | |

### DEFENDANT LARRY MATTHEWS' MOTION FOR A VIEW

Now comes Larry Matthews, defendant herein, and moves this Honorable Court to allow the jurors to be given a view of the "Lenox Street Housing Development" area where Mr. Matthews was arrested, to include a view of the area surrounding 10 Lattimore Court. As grounds for this request, defendant states as follows:

1. The decision to permit a view is within the discretion of the trial court. See United States v. Crochiere, 129 F.3d 233, 235 (1st Cir. 1997); see also United States v. Pettiford, 962 F.2d 74, 76 (1st Cir. 1992).

2. Defendant Matthews anticipates that in the present case, the evidence describing the scene – in the form of witness testimony, diagrams, and photographs – will not do adequate justice to the layout and spacial arrangements of the scene of the arrest. See United States v. Passos-Paternina, 918 F.2d 979, 986 (1st Cir. 1990); see also United States v. Drougas, 748 F.2d 8, 31 (1st Cir. 1984). Attached as Tab 1 is a plan of the Lenox Street Family Development in Roxbury, Massachusetts prepared by the Boston Housing Authority which depicts the area in which Mr. Matthews was arrested.

3. In addition to the outside area surrounding 10 Lattimore Court, the common area inside the first floor of that apartment building will also be the subject of testimony and documentary evidence. A view is necessary in order for the jury to understand the dimensions of the hallway and the locations of the entrances, as well as to fully appreciate any physical structures that would impede an individual from being able to observe activity at various points within the common area within building #10.

4. Being permitted to view the area surrounding Mr. Matthews' arrest is the only way the jurors will be able to properly assess the validity of the testimony of the witnesses regarding the actions of the defendant and the location in which the relevant events took place.

5. Further, permitting a view would not disrupt the orderliness of the trial.

**WHEREFORE**, defendant respectfully requests that the jury be permitted to view the scene of the arrest.

Respectfully submitted,
**LARRY MATTHEWS,**
By his attorney,

*George F. Gormley* /gmc
George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

Dated: 7-1-04

I certify that a true copy of the above document was served upon the attorney of record for each other party by MAIL/HAND on the date stated herein

Christie M Charles