```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA

v.                                         Crim. No. 03-10352-JLT

LARRY MATTHEWS
        a/k/a Jermaine
        a/k/a Germaine
                Defendant.

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed.R.Crim.P. 30, the United States respectfully requests that the following instructions be given to the jury during the trial of this case, as appropriate, and during the Court's charge at the end of the trial.  Except where noted, all the instructions are taken from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2003 compilation).

The United States reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instruction, if any, filed by the defendant and the evidence presented at trial.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                       By:  /s/ Sandra S. Bower
                          SANDRA S. BOWER
                          Assistant United States Attorney
                          1 Courthouse Way, Suite 9200
                          Boston, MA 02210

(617) 748-3184

**Table of Contents**

**PRELIMINARY INSTRUCTIONS**                                              **Page No.**

| | | |
|---|---|---|
| 1.01 | Duties of the Jury | 1 |
| 1.02 | Nature of Indictment: Presumption Innocence | 2 |
| 1.04 | Preliminary Statement of Elements of Crime | 3 |
| 1.05 | Evidence; Objections; Rulings; Bench Conferences | 4 |
| 1.06 | Credibility of Witnesses | 7 |
| 1.07 | Conduct of the Jury | 8 |
| 1.09 | Outline of the Trial | 10 |
| 2.16 | Taking a View | 12 |

**CHARGE INSTRUCTIONS**

| **Number** | **Instruction** | **Page No.** |
|---|---|---|
|   | Introduction | 13 |
| 1 | 3.01 Duty of the Jury to Find Facts and Follow Law | 14 |
| 2 | 3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt | 15 |
| 3 | 3.03 Defendant's Constitutional Right Not to Testify | 17 |
| 4 | 3.04 What is Evidence; Inferences | 18 |
| 5 | 3.05 Kinds of Evidence; Direct and Circumstantial | 19 |
| 6 | 3.06 Credibility of Witnesses | 20 |

| Number | Instruction | Page No. |
|--------|-------------|----------|
| 7  | 3.07 Cautionary and Limiting Instructions as to Particular Kinds of Evidence | 21 |
| 8  | 2.07 Weighing the Testimony Of an Expert Witness | 22 |
| 9  | 3.08 What is Not Evidence | 23 |
| 10 | Introduction to Offense Instructions | 25 |
| 11 | Possession or a Firearm or Ammunition in or Affecting Commerce by a Convicted Felon | 26 |
| 12 | Proof May Be Disjunctive | 28 |
| 13 | 2.05 Impeachment of Defendant's Testimony by Prior Conviction [if defendant testifies] | 29 |
| 14 | Caution-Punishment | 30 |
| 15 | 6.01 Foreperson's Role; Unanimity | 31 |
| 16 | 6.02 Consideration of Evidence | 32 |
| 17 | 6.03 Reaching Agreement | 33 |
| 18 | 6.04 Return of Verdict Form | 35 |
| 19 | 6.05 Communication with the Court | 36 |

**1.01 Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

**1.02 Nature of Indictment;**
**Presumption of Innocence**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by an Assistant United States Attorney, Sandra Bower.  The defendant, Larry Matthews, is represented by his lawyer, George F. Gormley.

The defendant has been charged by the government with violation of a federal law.  He is charged with one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The charge against the defendant is contained in the indictment.  The indictment is simply the description of the charge against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charge and denies committing the crime.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

## 1.04 Preliminary Statement of
## Elements of Crime

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, each of which the government must prove beyond a reasonable doubt to make its case:

> <u>First</u>, that at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

> <u>Second</u>, that the defendant knowingly possessed the firearm or the ammunition listed in the indictment; and

> <u>Third</u>, that such possession was in or affecting commerce.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

**1.05 Evidence; Objections; Rulings;  
Bench Conferences**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated--that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is

testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**1.06  Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**1.07 Conduct of the Jury**

To insure fairness, you as jurors must obey the following rules:

<u>First</u>, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

<u>Second</u>, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

<u>Third</u>, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately.

<u>Fourth</u>, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case-you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side-even if it is simply to pass the time of day-an unwarranted and unnecessary suspicion about

your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**1.09 Outline of the Trial**
[bolded portion relates to when or if
defense counsel will make opening statement]

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove. **[After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.]**

Next the government will offer evidence that it says will support the charge against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may **[make an opening statement and]** present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.

The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

**2.16 Taking a View**

I am going to allow you to go to 10 Lattimore Court in Boston, the scene of the defendant's arrest relating to the charges in this case.  However, I instruct you that, while you are there, and on the way there and back, you are not to talk about what you see there or anything else relating to the case.  You must simply observe.  Do not do any independent exploration or experimentation while you are there.

```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA


v.                                             Crim. No. 03-10352-JLT

LARRY MATTHEWS
        a/k/a Jermaine
        a/k/a Germaine
                Defendant.
```

                    COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

**#1**              **3.01 Duty of the Jury to**
              **Find Facts and Follow Law**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return-that is a matter entirely for you to decide.

**#2**             **3.02 Presumption of Innocence;**
              **Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, Larry Matthews, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

**#3      3.03 Defendant's Constitutional Right Not to Testify**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.