**#4**          **3.04 What Is Evidence; Inferences**

    The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

    Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**#5**               **3.05 Kinds of Evidence:**
                  **Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**#6**                    **3.06 Credibility of Witnesses**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

**#7**      **3.07 Cautionary and Limiting Instructions
as to Particular Kinds of Evidence**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

**#8        2.07 Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion. You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness' education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**#9                    3.08 What Is Not Evidence**

Certain things are not evidence.  I will list them for you.

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5)  The indictment is not evidence.  This case, like most criminal cases, began with an indictment.  You will have that indictment before you in the course of your deliberations in the jury room.  That indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has had an indictment filed against him is not evidence whatsoever of his guilt.  The indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The indictment proves nothing.

**#10**           **Introduction to Offense Instructions**

In this case, as you know, the indictment charges one offense called a "count." I will not read it to you because you will be given a copy of the indictment for study during your deliberations. In summary, the sole count charges that the defendant, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition.

Modified from Eleventh Circuit District Judges Association, Pattern Jury Instructions Committee, <u>Pattern Jury Instructions, Criminal Cases</u> (1985).          25

**#11        Possession of a Firearm or Ammunition
            in or Affecting Commerce by a Convicted Felon
                     (modified as noted)**

The defendant is charged with possessing a firearm and ammunition in or affecting commerce after having been convicted of **a felony, that is,** a crime punishable by imprisonment for more than one year.  It is against federal law for a convicted felon to possess a firearm or ammunition that was connected with interstate or foreign commerce.  For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>First</u>, that the defendant has been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year.  The parties have stipulated that the defendant has been convicted of a crime which is punishable by imprisonment for a term exceeding one year.  You are to take that fact as proven.

<u>Second</u>, that the defendant knowingly possessed the firearm or ammunition described in the indictment.  The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon.

<u>Third</u>, that the firearm or ammunition was connected with interstate of foreign commerce.  This means that the firearm or ammunition at any time after it was manufactured, moved from one state to another or from a foreign country into the United States.  The travel need not have been connected to the charge in the indictment, need not be in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm or ammunition.  The parties have stipulated that the firearm and ammunition traveled in interstate or foreign commerce.  You are to take that fact as proven.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something.  It is not necessarily the same as legal ownership.  A person who has direct physical control of something on or around his or her person is then in actual possession of it.

**#12**                **Proof May Be Disjunctive**

Although the sole count of the indictment charges the defendant with possession of a Beretta .22 caliber pistol, Model 21A and 6 rounds of .22 caliber ammunition, using the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.  That is to say, assuming all other elements have been proven beyond a reasonable doubt, you may convict the defendant if you unanimously find that he possessed either the firearm or the ammunition alleged in the indictment.

United States v. Garcia-Torres, 341 F.3d 61,66-67 (1st Cir. 2003).

28

**#13       2.05 Impeachment of Defendant's Testimony
                    by Prior Conviction
                  [if Defendant testifies]**

You have heard evidence that the defendant was convicted of a crime. You may consider that evidence in deciding, as you do with any witness, how much weight to give the defendant's testimony. The fact that the defendant was previously convicted of another crime does not mean that he committed the crime for which he is now on trial. You must not use that prior conviction as proof of the crime charged in this case.

**#14**               **Caution-Punishment**

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty.  The defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted the matter of punishment is for the Judge to determine.

Eleventh Circuit District Judges Association Pattern Jury
Instructions Committee, <u>Pattern Jury Instructions, Criminal Cases</u>
(1985).

30

**#15          6.01 Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

**#16**             **6.02 Consideration of Evidence**

    Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

**#17**                     **6.03 Reaching Agreement**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if your are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest

33

conviction as to the weight and effect of the evidence simply to reach a verdict.

**#18**               **6.04 Return of Verdict Form**

    I want to read to you now what is called the verdict form. This is simply the written notice of the decisions you will reach in this case.

[Read Form]

    After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

    After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**#19**          6.05 Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.