UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 03-10352-JLT |
| ) | |
| v. ) | |
| ) | |
| LARRY MATTHEWS, ) | |
|     a/k/a  Jermaine, ) | |
|     a/k/a  Germaine, ) | |
|         Defendant | |

# DEFENDANT LARRY MATTHEWS' REQUESTED JURY INSTRUCTIONS

Defendant, LARRY MATTHEWS, hereby requests that this Honorable Court give the following specific instructions to the jury in addition to its usual general instructions:

## SPECIFIC INSTRUCTIONS

## REQUESTED INSTRUCTION NO. 1

The defendant, LARRY MATTHEWS, has pleaded not guilty. Under our system of law, he is presumed innocent and has no obligation to disprove the charge alleged in the indictment, nor to affirmatively prove his innocence. He is not required to produce any witnesses in order to establish his innocence, but rather has an absolute right to insist that the government, which has charged him with an offense, prove that he is guilty of that offense beyond a reasonable doubt.

## REQUESTED INSTRUCTION NO. 2

You are instructed that suspicion or conjecture, however strong, is never proof under our concept of law, and you may not substitute suspicion or conjecture for evidence. The defendant

cannot be convicted on the basis of suspicion or surmise. He cannot be convicted merely because he knew or associated with the wrong people, including anyone who may acknowledge actually committing a crime. United States v. Francomano, 554 F.2d 483 (1st Cir. 1977).

## REQUESTED INSTRUCTION NO. 3

You, as jurors, are the sole judges of the credibility of the witnesses and of the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider, also, any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two (2) or more persons witnessing the incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such

credibility, if any, as you may think it deserves. Devitt and Blackmar, Federal Jury Practice and Instructions, par. 17.01.

## REQUESTED INSTRUCTION NO. 4

The testimony of a witness may be discredited or impeached by contradictory evidence, or by evidence that he or she previously made statements which are inconsistent with his or her present testimony, or by testimony from other witnesses that is inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Devitt and Blackmar, par. 17.08.

## REQUESTED INSTRUCTION NO. 5

You are not required to accept any testimony you have heard in this case, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of this testimony, or because of what he has to gain by testifying, or for other reasons sufficient to you, that such testimony is not worthy of belief. Devitt and Blackmar, par. 17.21.

## REQUESTED INSTRUCTION NO. 6

You may consider any demonstrated bias, prejudice or hostility of a witness toward the defendant in determining the weight to be accorded to his or her testimony. Devitt and Blackmar, par. 17.07.

## REQUESTED INSTRUCTION NO. 7

If your view of the evidence, or lack of evidence, makes you doubt the defendant's guilt because you have not been persuaded that the government has shown the guilt of the defendant beyond a reasonable doubt, then it is your duty to acquit the defendant. Holland v. United States, 348 U.S. 121 (1954); United States v. Richardson, 504 F.2d 357 (5th Cir. 1974); United States v. Turk, 526 F.2d 654 (5th Cir. 1976).

## REQUESTED INSTRUCTION NO. 8

Count One of this indictment charges that on or about the 11th day of August, 2003, in the District of Massachusetts, the defendant, LARRY MATTHEWS, a convicted felon, knowingly possessed a firearm in commerce or affecting commerce.

## REQUESTED INSTRUCTION NO. 9

Section 922(g)(1) of Title 18 of the United States Code provides, in part, that: "It shall be unlawful for any person -- . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . . to . . . knowingly . . . possess in or affecting commerce, any firearm;"

## REQUESTED INSTRUCTION NO. 10

In order to sustain its burden of proof for the crime of knowingly possessing a firearm as charged in Count One of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The defendant Larry Matthews has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Two: The defendant Larry Matthews knowingly possessed the firearm described in the indictment; and

Three: Such possession was in or affecting interstate or foreign commerce.

See United States v. Rumney, 867 F.2d 714, 721 (1st Cir.), cert. denied, ___ U.S. ___, 109 S. Ct. 3194 (1989).

## REQUESTED INSTRUCTION NO. 11

The term "possess" means to exercise authority, dominion or control over the object. The law recognizes different kinds of possession may be actual or constructive. It may be sole or joint. The crucial concept where someone is not in actual possession of an item is whether he has both the power and the intention to exercise control over the thing.

## REQUESTED INSTRUCTION NO. 12

The phrase "in or affecting commerce" "includes commerce between any place in a State and any place outside of that State."

## REQUESTED INSTRUCTION NO. 13

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed the firearm.

A person is knowingly in possession if his possession occurs voluntarily and intentionally and not because of mistake or accident. The defendant may not be convicted of possession of a firearm if he did not intend to possess it.

In addition, the government must prove that the defendant knew that the device he possessed had all of the characteristics which make it subject to regulation as a firearm as I just defined that term for you.

See Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793 (1994).

I certify that a true copy of the above document was _____ upon the attorney of record for each other party by MAIL/HAND on the date stated herein

*George F. Gormley* /AW

Respectfully submitted,
**LARRY MATTHEWS,**
By his attorney,

*George F. Gormley* /AW
George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

Dated: 8-26-04