## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 03-10352-JLT** |
| | ) | |
| **LARRY MATTHEWS** | ) | |
| | ) | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE INTRODUCTION OF BAD CHARACTER TESTIMONY

The United States respectfully submits this opposition to the defendant's motion to preclude testimony from one or more of the police officers that on the date of the defendant's arrest he was trespassing on the Lenox Street housing development property, that he was known to some of the officers because he had been warned about trespassing on the property on prior occasions, and that they knew he lived elsewhere in the city.

The United States anticipates that the testimony will be that at about 7:15 p.m. on August 11, 2003, four officers from the Boston Youth Violence Strike Force were patrolling in the area of the Lenox Street housing project. As the officers drove onto Kendall Street from Shawmut Avenue, three of them recognized Matthews standing in a group of other men, apparently drinking alcohol, on the Lenox Street housing property. They knew Matthews to live elsewhere in Boston and had warned him on prior occasions about trespassing on the housing project property. Unlike previous encounters, when the officers approached on August 11, 2003, Matthews fled. Two officers followed him on foot through one of the buildings on the property, while the officers in the unmarked car drove into a courtyard and saw the defendant coming toward them. One of the officers from the car directed Matthews to show his hands and to go to the ground. When Matthews did not comply, the officer forced him to the ground. This officer

was in the process of placing Matthews under arrest–for trespassing–when notified by one of the chasing officers that a gun had been recovered.

The United States submits that the trespassing evidence is not improper propensity evidence, but is necessary to complete the story of the charged crime, is relevant to show the officers knew and recognized the defendant and that he knew and recognized them, and to put the defendant's flight in context. *See United States v. Taylor,* 284 F.3d 95, 101 & 102 (1st Cir. 2002)(upholding admission of tape recording of drug transaction which contained reference to earlier transaction and testimony that defendant had a gun during drug transaction as "part and parcel" of the crime itself); *United States v. Burke*, 948 F.2d 23, 26 (1st Cir. 1991)(officer's encounter with defendant at the scene of the crime the day before the charged offense relevant to officer's identification of defendant as perpetrator of offense); *United States v. Ladd*, 885 F.2d 954, 958 (1st Cir. 1989)(evidence of companion's death after "night of revelry" in heroin distribution case upheld as part of a "chain of events forming the context... and set-up of the crime")(citations omitted); *United States v. D'Alora*, 585 F.2d 16, 20 (1st Cir. 1978)("Evidence of prior conduct is admissible 'to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.'")(citation omitted.)

Relevant evidence is admissible unless outweighed by "unfair prejudice." Fed.R.Evid.403; *United States v. Rivera-Gomez*, 67 F.3d 993, 997 (1st Cir. 1995)("The law protects a defendant against *unfair* prejudice, not against *all* prejudice.")(emphasis in original). As the First Circuit in *Rivera-Gomez* explained, "[t]rial evidence is supposed to help the jury reconstruct earlier events and then apportion guilt or responsibility as the law may require. Rule 403 exists to facilitate this process, not to impede it. We think it follows that, although a

2

'controlled environment for the reception of proof is essential, ... an artificial sterile environment is neither necessary nor desirable." *Id.* at 998 (citations omitted.)

Here, the evidence relating to trespassing is not so unfairly prejudicial as to outweigh its probative value. Indeed, courts have allowed evidence of significantly more serious conduct. *See, e.g.*, *Ladd,* 885 F.2d at 958 (death of companion); 67 F.3d at 997-998 (death of victim of carjacking); *Taylor*, 284 F.3d at 101 & 102 (prior drug transaction and possession of gun); *Real v. Hogan*, 828 F.2d 58, 61 (1st Cir. 1987)(reference to inmate being a suspect in a murder admissible to show context; "[A] trial is a search for truth and cannot sensibly take place in a vacuum."); *United States v. Moreno Morales*, 815 F.2d 725, 739 (1st Cir. 1987)(evidence of beatings and killings admissible in perjury prosecution because "so closely intertwined" with the acts charged.)

Thus, for the foregoing reasons, the United States respectfully urges the Court to deny the defendant's motion to preclude testimony relating to the defendant trespassing on the Lenox Street housing development property.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184