UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 03-10352-JLT |
| ) | |
| v. ) | |
| ) | |
| LARRY MATTHEWS, ) | |
|   a/k/a  Jermaine, ) | |
|   a/k/a  Germaine, ) | |
|        Defendant | |

## DEFENDANT LARRY MATTHEWS' RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the defendant, LARRY MATTHEWS, and moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 29(a) to enter a Judgment of Acquittal as to Count One of the indictment on the grounds that the evidence is insufficient to sustain a conviction for violation of 18 U.S.C. § 922(g)(1). In support of this Motion, defendant states as follows:

1. In order to obtain a conviction for violation of 18 U.S.C. § 922(g)(1), the Government must establish that (a) defendant was previously convicted of an offense punishable by imprisonment for a term exceeding one year and (b) he knowingly possessed a firearm in or affecting interstate commerce.

2. In the present case, defendant has stipulated that he was previously convicted of an offense punishable for a term exceeding one year; therefore, the Government must prove that he knowingly possessed a firearm in or affecting interstate commerce.

3. Possession can be either actual or constructive. See United States v. Van Horn, 277 F.3d 48, 55 (1st Cir. 2002). In the present case, no evidence (either documentary or testimonial) was offered by the Government to establish that Larry Matthews actually possessed the firearm. Not a single witness actually saw the firearm on Mr. Matthews' person at any time.

4. "'Constructive' possession is commonly defined as the power and intention to exercise control, or dominion and control, over an object not in one's 'actual' possession." United States v. Van Horn, 277 F.3d at 55 (quoting United States v. Zavala Maldonado, 23 F.3d 4, 7 (1st Cir. 1994). Constructive possession can be

established through the use of either direct or circumstantial evidence. See <u>United States v. Georgacarakos</u>, 988 F.2d 1289, 1296 (1st Cir. 1993).

5. The Government has failed to establish that Mr. Matthews constructively possessed the firearm in question. At the time the firearm was actually recovered, Mr. Matthews was outside the building at 10 Lattimore Court. He therefore could not exercise dominion and/or control over the firearm. Further, the Government failed to prove that Mr. Matthews intended to exercise dominion and/or control over the firearm given the lack of evidence of actual possession coupled with the fact that the Government relied on the argument that Mr. Matthews allegedly "stashed" the firearm under the mat in front of apartment 87.

6. Additionally, caselaw establishes that the element of "knowing possession" for purposes of § 922(g)(1) may be established "as long as a convicted felon knowingly has the power and intention at a given time of exercising dominion and control over a firearm <u>or over the area in which the weapon is located, directly or through others</u>, he is in possession of the firearm." <u>United States v. Wight</u>, 968 F.2d 1393, 1398 (1st Cir. 1992).

7. In the present case, Mr. Matthews clearly did not have "dominion and control" over the area in which the weapon was allegedly located. On the contrary, the Government contends that Mr. Matthews was trespassing in the area of 10 Lattimore Court; therefore, he could not have exercised any dominion or control over the area in front of apartment 87.

8. In <u>United States v. Morales</u>, the Seventh Circuit reversed the District Court's denial of a Motion for Acquittal on facts that are similar to the present case. See 902 F.2d 604 (1990). In <u>Morales</u>, a police officer testified that he saw defendant fire a semi-automatic weapon and then run into a nearby bar. When the police officer arrived in the bar, he alleged that he saw defendant make a tossing motion toward the bar. The gun and clip were each found, though in separate sinks behind the bar. The owner of the bar testified that she did not see Mr. Morales toss anything behind the bar.

9. The facts of the present case are even weaker than the facts in <u>Morales</u>. None of the officers actually saw Mr. Matthews in possession of the firearm at any time during the incident on August 11, 2003. While Officer Sullivan identified Mr. Matthews at trial as the person he saw at the Lenox Street Housing Project, he did not testify that he ever saw the firearm in Mr. Matthews' possession. Perhaps even more significant is the fact that any connection between the person observed in the lobby of 10 Lattimore Court, Mr. Matthews's arrest, and the identification of defendant as the person arrested, are the product of deductive reasoning and inference. It is defendant's position that Officer Sullivan's observation (and opportunity to observe)

the individual in the lobby of 10 Lattimore Court was fleeting.

10. Further, the evidence makes clear that none of the officers could have seen Mr. Matthews crouched over the doormat at apartment 87.

11. Because the Government has failed to prove, beyond a reasonable doubt, that Mr. Matthews possessed the firearm in question, the Court should enter a Judgment of Acquittal.

Respectfully submitted,
**LARRY MATTHEWS**,
By his attorney,

_George F. Gormley_
George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

Dated: 9-15-04

I certify that a true copy of the above document was served upon the attorney of record for each other party by MAIL/HAND on the date stated herein

_Christie M Charles_

Page 3