UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 03-10352-JLT |
| v. ) | |
| LARRY MATTHEWS, ) | |
|    a/k/a  Jermaine, ) | |
|    a/k/a  Germaine, ) | |
|        Defendant | |

## DEFENDANT'S LARRY MATTHEWS' MOTION FOR A NEW TRIAL

Now comes the defendant, LARRY MATTHEWS, and moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 33 to vacate the judgment of conviction entered against him on September 9, 2004 and to grant him a new trial. As grounds of this Motion, defendant states that a new trial is required in the interest of justice. United States v. Smith, 331 U.S. 469 (1947). In particular, Defendant bases this request for a new trial on the Court's denial of his Motion for a View.

On July 2, 2004, counsel for defendant filed a Motion for a View. Defendant based this Motion on the concern that the evidence describing the scene – in the form of witness testimony, diagrams, and photographs – would not do adequate justice to the layout and spacial arrangements of the scene of the arrest. See United States v. Passos-Paternina, 918 F.2d 979, 986 (1st Cir. 1990); see also United States v. Drougas, 748 F.2d 8, 31 (1st Cir. 1984). On July 8, 2004, this Court allowed defendant Matthews Motion for a View at the final pre-trial conference.

On September 7, 2004, on the morning of the trial, the Court informed the defendant that after reconsideration, the Motion for a View was denied. As part of its case in chief, the Government

called Boston Police Officer Mark Sullivan as a witness. Officer Sullivan testified that after the officers spotted a group of young males standing underneath the tree, they noticed one of the men moving away from the group. Officer Brown testified that Officer Bresnahan identified that moving individual as Larry Matthews, and Officer Brown then directed Officers Sullivan and Bresnhan to stop Mr. Matthews. According to Officer Sullivan, he and Officer Bresnahan therefore exited the police vehicle and followed defendant on foot. He testified that he ran into the hallway of 10 Lattimore Court after he saw a person enter the front door.

According to Officer Sullivan's testimony, he followed the person through the front door of 10 Lattimore Court and observed a figure squatting down in front of the door to apartment 87. The figure then stood and exited through the back door. Officer Sullivan testified that he approached apartment 87 and saw a gun; therefore, he alerted Officer Bresnahan (who was following behind Officer Sullivan) to the presence of the gun. Officer Sullivan testified that he stayed in front of apartment 87 and Officer Bresnahan continued out the back door in pursuit of the person being followed.

Officer Bresnahan did not testify at trial.

Prior to Officer Sullivan's testimony, both Officer Brown and Officer Freire testified. Their testimony indicated that as they drove the police vehicle between the buildings number 10 and 18 Lattimore Court, they observed Mr. Matthews walking back toward Kendall Street. As he walked in front of the car, Officer Freire ordered him to get down on the ground and show his hands. When Mr. Matthews refused, Officer Freire performed a take-down maneuver and placed him under arrest for trespassing and public drinking.

In the interim, Detective Camper, a ballistician, was called to the scene. When he arrived

at apartment 87, Officer Sullivan exited 10 Lattimore Court and joined Officers Freire and Brown, who were still detaining Mr. Matthews. Officer Sullivan testified that when he arrived at the police vehicle, he saw Larry Matthews and identified him as the individual he saw crouched at the mat in front of apartment 87. He then also identified the individual he chased that day as being the defendant. A view was necessary in order for the jury to understand the dimensions of the hallway and the locations of the entrances, as well as to fully appreciate the physical structure that would have impeded Officer Sullivan from being able to observe the activity he testified that he saw. Being permitted to view the area surrounding Mr. Matthews' arrest also would have enabled the jurors to properly assess the validity of the witness' testimony regarding the actions observed.

Trial of this matter took place between September 7, 2004 and September 9, 2004. On September 9, 2004, the jury returned a verdict of Guilty.

Respectfully submitted,
**LARRY MATTHEWS**,
By his attorney,

_George F. Gormley_
George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO No. 204140

Dated: 9-15-04

I certify that a true copy of the above document was served upon the attorney of record for each other party by MAIL/HAND on the date stated herein

_Anita M Charles_

Page 3