UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 03-10352-JLT |
| | ) | |
| LARRY MATTHEWS | ) | |
| | ) | |

### United States' Opposition to Defendant Larry Matthews' Motion for Judgment of Acquittal and Motion for New Trial

The United States respectfully requests the Court to deny the defendant's motions for judgment of acquittal and for a new trial and submits this consolidated response in support of its position.

As the Court is aware, the defendant was convicted on September 9, 2004, after a 3-day trial on the sole count of an indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The evidence at trial revealed that at about 7:15 p.m. on August 11, 2003, four officers from the Boston Youth Violence Strike Force were patrolling in the area of the Lenox Street housing project. As the officers drove onto Kendall Street from Shawmut Avenue, three of them recognized Matthews standing in a group of other men, apparently drinking alcohol, on the Lenox Street housing property. They knew Matthews to live elsewhere in Boston and had warned him on prior occasions about trespassing on the housing project property. Unlike previous encounters, when the officers approached on August 11, 2003, Matthews fled. In doing so, he was observed by two of the testifying officers[1] to clutch at his

---

[1] As the Court will recall, Officers Brown and Freire testified that they observed the defendant grabbing his waist area twice. Officer Sullivan did not testify to making such observations and the fourth officer, Bresnahan, was injured the night before his scheduled trial testimony and did not testify.

waist area twice. Two officers followed him on foot through one of the buildings on the property and one of these officers testified that he observed the fleeing suspect getting up from a crouched position outside an apartment door and that the officer recovered a gun from under the door mat near this apartment door. Meanwhile, the two officers in the unmarked car drove into the housing property courtyard and saw the defendant coming toward them. One of the officers from the car directed Matthews to show his hands and to go to the ground. When Matthews did not comply, the officer forced him to the ground. This officer was in the process of placing Matthews under arrest–for trespassing–when notified by one of the chasing officers that a gun had been recovered.

## Discussion

*Judgment of Acquittal*

"[T]he standard of review for a judgment of acquittal notwithstanding the verdict is identical to the test employed to measure the sufficiency of the evidence supporting a guilty verdict. The test is whether, considering the evidence as a whole, taken in the light most favorable to the government, together with all legitimate inferences that can be drawn from such evidence, a rational trier of fact could have found guilt beyond a reasonable doubt." *United States v. McNatt*, 813 F.2d 499, 502 (1st Cir. 1987)(collecting cases.) Any issue of credibility must be resolved in favor of the jury's verdict. *Id.*, citing *United States v. Winter*, 663 F.2d 1120, 1127 (1st Cir. 1981). Deference must be given to the verdict if the evidence supports different interpretations. *Id.*, citing *United States v. Rivera-Sola*, 713 F.2d 866, 869 (1st Cir. 1983). "In other words, the prosecutor need only produce that quantum of evidence by which a reasonable trier of fact *could* find guilty beyond a reasonable doubt; there is no requirement to produce evidence that would *compel* a finding of guilt beyond a reasonable doubt." *Id.* (emphasis in

2

original).

Here, a rational fact finder could conclude beyond a reasonable doubt that the defendant possessed the gun as charged. Upon seeing the officers approach, he clutched at his waist area twice–the logical inference being that he was securing the firearm that he had tucked in his waistband. Matthews fled from the officers, something he had never done in his previous encounters with police. Again, the logical inference is that he fled because he had the firearm and knew he could not be caught with it. Matthews ran into 10 Lattimore Court, one of the buildings on the housing development property, and was followed into the building by two of the officers. Matthews was observed coming up from a crouched position outside Apartment 87 where, within seconds, Officer Sullivan had recovered the gun from under the door mat. Additionally, the jury heard from Kelly Gonzales, who lived in Apartment 87 on August 11, 2003, and she said that there was no gun under the mat when she left earlier that day and that in the entire five years she lived in the apartment there had never been a gun hidden under the mat or near her apartment. The government submits that a rational jury could and did find, beyond a reasonable doubt, that the defendant –seen bending down near this apartment–had put the gun there in an attempt to conceal it from the pursuing police officers.

The defendant cites *United States v. Morales*, 902 F.2d 604, 607 (7th Cir. 1990) and contends that the facts of the instant case "are even weaker" than those in *Morales* in which the Seventh Circuit determined that the defendant should get a new trial. Defendant's motion at ¶9. (Contrary to the defendant's assertion, the Court determined only that the defendant should get another trial, not a judgment of acquittal). In any event, the facts of the *Morales* case are quite distinguishable from the case at hand. There, a police officer testified that he heard what the

3

thought was a gunshot, saw a Hispanic man with a raised arm and heard another shot. He followed the man into a nearby tavern and saw him making an underhand tossing motion toward the bar. After arresting the man--the defendant--the officer searched for the gun and found in one bar sink a .25 caliber semi-automatic pistol and in another bar sink, a clip for the pistol. The bar owner testified that she did not see the defendant throw anything.

The Seventh Circuit noted that the district court was troubled by the evidence in the case and, after denying the motion for a new trial, asked the government to conduct further investigation. The appellate court also noted the "extraordinarily sloppy" police investigation and the inconsistencies between the officer's testimony and that of the bar owner as well as the physical realities of the situation. Why, for example, would the defendant remove the clip while fleeing from the police and why didn't the gun have a live round in the chamber if, as the officer had testified, the gun had just been fired and was in working condition? *Id.* at 607. The court concluded that when the testimonial and evidentiary record "does not permit a *confident* conclusion that the defendant is guilty beyond a reasonable doubt, the district judge is obliged to grant a motion for a new trial." *Id.* (emphasis in original). By contrast here--for the reasons recounted above-- the record does support a confident conclusion that the defendant is guilty beyond a reasonable doubt.

*The View*

The defendant has asked for a new trial based on the Court's denial of his motion for a jury view of the scene. Of course, whether to permit a jury view is within the court's discretion. *United States v. Pettiford*, 962 F. 2d 74, 76 (1st Cir. 1992) ("The decision to permit a jury view is committed to the sound discretion of the district court.") "A court generally acts within that

4

discretion in denying a motion for a view when there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs." *United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997). Here, there were maps, photographs, diagrams and testimonial descriptions of the scene, including evidence from an architect who had drawn a diagram of 10 Lattimore Court and provided measurements of the building lobby. The jury had ample evidence before it from which to conclude whether the officers could see what they testified they did.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court to deny the defendant's motions for judgment of acquittal and for a new trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    ~~Sandra S. Bower~~
SANDRA S. BOWER
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3184

## CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of September served upon the following person a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery: George F. Gormley, Esq.,  655 Summer Street, Boston, MA 02210.

~~Sandra S. Bower~~
SANDRA S. BOWER
Assistant United States Attorney