UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 03 -10352-JLT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LARRY MATTHEWS,** | ) | |
|     a/k/a   Jermaine, | ) | |
|     a/k/a   Germaine, | ) | |
|         Defendant | | |

## DEFENDANT LARRY MATTHEWS' SENTENCING MEMORANDUM

Now comes defendant LARRY MATTHEWS, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

As argued in his objections to his Pre-Sentence Report, it is Mr. Matthews' position that he should not be classified as an "armed career criminal" for purposes of a sentencing enhancement. Pursuant to United States v. Booker and United States v. Fanfan, 543 U.S. ___ (2005), the "Armed Career Criminal" provisions described at 18 U.S.C. 924(e) and the guidelines at U.S.S.G. 4B1.4 are unconstitutional because they enhance a defendant's sentence based on facts that were not proven to the jury beyond a reasonable doubt.

Mr. Matthews objects to the use of this 1994 drug conviction (detailed at ¶ 37 of his PSR) as a "predicate offense" which qualifies him as an "armed career criminal." Massachusetts General Laws chapter 218, section 27 states that the District Court department of the state court system "may impose the same penalties as the Massachusetts Superior Court for all crimes of which they have jurisdiction, except that they may not impose a sentence to state prison . . ." By statute, therefore, the District Court could only sentence Mr. Matthews to a maximum term of two and one-half years

in a house of correction or jail. Massachusetts law defines felony and misdemeanor as follows: "A crime punishable by death or imprisonment in the <u>state prison</u> is a felony. All other crimes are misdemeanors." M.G.L. ch. 274, § 1 (emphasis added). While it is true that the Superior Court had jurisdiction over this offense, the Commonwealth chose to prosecute the case in the District Court. This 1994 conviction was a district court offense from beginning to end, and does not qualify as a "predicate offense" for purposes of the "armed career criminal" designation.

The Probation Officer responded to defendant's objection by stating that pursuant to 18 U.S.C. § 924(e), a predicate offense is "a conviction for a 'serious drug offense' that is (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment is prescribed by law." What the Probation Officer conspicuously omitted from this recitation, however, is that a the "maximum term of imprisonment" proscribed by law is a term of imprisonment *for ten years or more* (emphasis added). The maximum term of imprisonment for Mr. Matthews' 1994 drug conviction – which the Commonwealth <u>chose</u> to prosecute in the District Court – was two and one-half years. This is <u>less</u> <u>than</u> the maximum of ten years or more required by 18 U.S.C. § 924(e); therefore, the 1994 drug conviction cannot be counted as a "serious drug offense" that constitutes a predicate offense for purposes of the "armed career criminal" designation.

Additionally, Mr. Matthews contends that under <u>Apprendi v. New Jersey</u>, any fact *other than a prior conviction* that increases the maximum penalty for a crime must be charged in an indictment submitted to a jury and proved beyond a reasonable doubt (emphasis added). 18 U.S.C. § 924, the penalty provision that accompanies the felon in possession statute, defines "prior conviction" more broadly than is appropriate, however. Specifically, 18 U.S.C. § 924(e)(2)(C) defines the term

"conviction" to include "a finding that a person has committed an act of juvenile delinquency involving a violent felony." Juvenile adjudications of delinquency are not convictions, however, and therefore it is impermissible to use the juvenile adjudication as a predicate offense. Rather, as a fact *other than a prior conviction,* the juvenile adjudication is a fact that must be proven to a jury beyond a reasonable doubt.

## CONCLUSION

The defendant submits that the fifteen (15) year minimum mandatory penalty of 18 U.S.C. § 924 (e)(1) does not apply to him and that this court should sentence him to a reasonable term of imprisonment. A sentence of five (5) years imprisonment is respectfully suggested.

>Respectfully submitted,
>**LARRY MATTHEWS,**
>By his attorney,
>
>/s George F. Gormley
>George F. Gormley
>*George F. Gormley, P.C.*
>655 Summer Street
>Boston, MA 02210
>(617) 478-2750
>BBO No. 204140

**Dated:**     01/28/05