UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 03 -10352-JLT |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY MATTHEWS, | ) | |
|    a/k/a   Jermaine, | ) | |
|    a/k/a   Germaine, | ) | |
|       Defendant | | |

### DEFENDANT LARRY MATTHEWS' SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes defendant LARRY MATTHEWS, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 543 U.S. ___ (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). In particular, § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

Mr. Matthews was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922. At the time of his arrest, Mr. Matthews was standing with a group of friends outside the Lenox Street Housing Project. The firearm in question was not being used in connection with any other crime – on the contrary, it was not being used at all. This was not a situation where the

firearm was being used in a drug transaction, nor was it being used to perpetrate a violent act. These circumstances suggest that imposition of a sentence below the GSR is reasonable.

Further, consideration of the history and characteristics of the defendant also allows for a sentence below the GSR. From February of 2003 through the time of his arrest, Mr. Matthews was working full-time at Gray Fuel in Watertown, Massachusetts (PSR ¶ 76). The fact that Mr. Matthews had obtained full-time employment – in an area removed from the Lenox Street Housing Project – demonstrates that he was genuinely attempting to get his life on track. Additionally, prior to working for Gray Fuel, Mr. Matthews was employed for approximately five (5) months by Jet-a-Way, Inc. In Boston (PSR ¶ 77). Mr. Matthews only left this job because he was laid off; significantly, he began working at Gray Fuel almost immediately thereafter.

Finally, Mr. Matthews was in the area of the Lenox Street Housing Project on August 11, 2003 in part because he is involved in a stable relationship with a woman who lives across the street from the Housing Project.

In addition to considering the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Matthews recognizes that the Court must also consider the need for the sentence imposed to satisfy the criteria set forth in 3553(a)(2). Mr. Matthews submits that factor (D), which requires the Court to impose a sentence necessary to provide the defendant with needed educational or vocational training, is inapplicable to the present case. It is Mr. Matthews' position that a sentence of five (5) years, as suggested in his original Sentencing Memorandum, satisfies criteria (A) - (C). A sentence lower than that contemplated by the GSR can still provide just punishment for the offense while reflecting the seriousness of the offense involved (§ 3553(a)(2)(A). Further, a sentence of five (5) years is of sufficient length to afford adequate deterrence to criminal

conduct (§ 3553(a)(2)(B)) and to protect the public from further crimes of the defendant (§ 3553(a)(2)(C)), particularly given the presence of a mandatory post-incarceration term of supervised release. Mr. Matthews therefore submits that a sentence lower than that contemplated by the GSR is appropriate in light of the enumerated considerations.

                              Respectfully submitted,
                              **LARRY MATTHEWS,**
                              By his attorney,

                              /s George F. Gormley
                              George F. Gormley
                              *George F. Gormley, P.C.*
                              655 Summer Street
                              Boston, MA 02210
                              (617) 478-2750
                              BBO No. 204140

**Dated:**     January 31, 2005