UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 03-10352-JLT |
| | ) | |
| LARRY MATTHEWS | ) | |
| | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM
AND SUPPLEMENTAL SENTENCING MEMORANDUM

The United States respectfully submits this response to the defendant's sentencing memorandum and supplemental sentencing memorandum.

The defendant first contends that under *United States v. Booker*, 125 S.Ct. 738 (2005), the Armed Career Criminal Act(ACCA) and the corresponding guidelines provisions are unconstitutional. However, the Supreme Court has consistently held that sentencing enhancements based on an offender's prior convictions do not run afoul of the Sixth Amendment. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("**[o]ther than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis supplied.) Indeed, in reaching its conclusion rendering the sentencing guidelines advisory, the Court in *Booker* quoted this language, or referred to the issue presented as one relating to the judicial determination of "a

fact, other than a prior conviction," in at least five places. *Booker,* 125 S.Ct. at 746, 747 n.1, 756 (two times), & 757. Because the Armed Career Criminal Act enhances the punishment for certain firearms offenders solely due to an offender's prior conviction history, there is no Sixth Amendment violation.

The defendant then contends that his 1994 conviction for possession with intent to distribute heroin does not qualify as an ACCA predicate offense because he was prosecuted for this offense in Massachusetts Superior Court, which could impose a term no greater than 2 ½ years imprisonment.[1] According to his argument, because the district court in Massachusetts could sentence him to no more than 2 ½ years in a house of corrections, this offense does not meet the ACCA statutory definition of a "serious drug offense" punishable by imprisonment of 10 years or more.[2] This precise argument has been rejected by this district

---

[1] Mass. Gen. L. ch. 94 § 32 prohibits, *inter alia*, possession with intent to distribute a Class A substance (heroin) and provides punishment of no more than ten years in jail or 2 ½ years in a house of correction. Under Massachusetts law, there is concurrent jurisdiction over these offenses in the district and superior courts although there are sentencing ramifications depending on where the case is tried. That is, the district court may not impose a sentence to state prison. Mass. Gen. L. ch. 218 § 27.

[2] 18 U.S.C. § 924(e)(2)(A): defines "serious drug offense" to include, in relevant part:

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance... for which a maximum term of imprisonment of ten years

2

and by the First Circuit. *United States v. Moore,* 286 F.3d 47, 48-49 (1st Cir. 2002)("the relevant state statute here, Mass. Gen. Laws ch. 94C, § 32A(a), allows for a maximum possible penalty of ten years' incarceration, and thus, fits comfortably within the ambit of 'serious drug offense' as that term is defined in 18 U.S.C. § 924(e)(2)(A)(ii)."); *United States v. Gunn*, 962 F.Supp. 214, 215-16 (D. Mass. 1997) (convictions under Mass. Gen. L. ch. 94C § 32A qualified as serious drug offenses even though prior convictions were in state district court), *aff'd* 141 F.3d 1150 (1st Cir. 1998)(table).

The defendant also asserts that the Court should not consider his juvenile adjudication of assault and battery with a knife as a "conviction" for purposes of the statute. Other than the bald statement that conviction is defined "too broadly," the defendant offers no authority for the proposition that the Court should ignore the clear language of the statute.[3]

---

or more is prescribed by law.

[3] 18 U.S.C. § 924(e)(2) provides in relevant part:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

3

Although the undersigned did not find any First Circuit case law on point, two Circuit Courts of Appeal have held that juvenile adjudications are properly considered convictions under *Apprendi* and for ACCA sentencing purposes. *United States v. Smalley*, 294 F.3d 1030 (8th Cir. 2002); *United States v. Jones*, 332 F.3d 688 (3d Cir. 2003); *cf. United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001)(holding that juvenile adjudications cannot be considered convictions under *Apprendi*).

Sentence Recommendation

As noted above, the defendant is an Armed Career Criminal for whom there is a minimum mandatory sentence of 15 years' imprisonment. The PSR calculated the sentencing range as 188 to 235 months. PSR at ¶82. The government recommends that the Court impose a sentence of 211 months[4] to be followed by 3 years of supervised release. The government submits that this sentence is reasonable considering the factors described in 18 U.S.C. § 3553(a).

---

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

(C) the term "conviction" includes a finding that the person has committed an act of juvenile delinquency involving a violent felony.

[4]This sentence–17 years, 7 months- is at the midpoint of the guidelines range.

4

As the Court is aware, the defendant was convicted following a jury trial in which the evidence showed that on August 11, 2003, the defendant was on the property of the Lenox Street housing development, drinking, and that he attempted to elude police and hide the firearm while fleeing. Officers chasing him ordered him to show his hands or get down on the ground and he refused to comply, requiring officers to forcibly take him to the ground.  At the time of this offense the defendant had been out of prison for just over a year, where he had been serving a 4 ½ to 7 year sentence for a conviction for assault and battery with a dangerous weapon. The PSR description of this offense indicates that the defendant approached the victim who was standing on the street corner, asked the victim what he was looking at, and then stabbed the victim in the stomach. PSR at ¶39.  The PSR also notes that while incarcerated for this offense, the defendant was the subject of at least 13 disciplinary reports for misconduct ranging from threatening or abusive language to fighting and that he was put in "higher custody" on at least one occasion because of incidents with other inmates.  And then, slightly more than one year after his release, the defendant was out on the streets, armed with a loaded handgun.

The defendant has a lengthy criminal history with convictions or adjudications for violent offenses and drug crimes

5

dating back to 1991 when he was 14 years old.[5] PSR at ¶¶ 30-39; additional arrests at ¶¶ 47-57.  The defendant has been a violent criminal for about half of his 28 years on this planet.  He is dangerous and shows no indication that he can or will conform his behavior to the law.  Therefore, a sentence of 211 months is an appropriate and reasonable one which reflects the seriousness of this offense, and serves to deter criminal conduct and to protect the public from further crimes of this defendant.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  /s/ Sandra S. Bower
                                SANDRA S. BOWER
                                Assistant U.S. Attorney
                                U. S. Attorney's Office
                                John Joseph Moakley
                                United States Courthouse
                                1 Courthouse Way, Suite 9200
                                Boston, MA  02210
                                617-748-3184

---

    [5]An earlier assault and battery-when the defendant was 12-was continued without a finding and then dismissed.