UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CR No. 03-10352-JLT |
| | ) | |
| LARRY MATTHEWS | ) | |
| Defendant | ) | |

### DEFENDANT'S MOTION FOR DEEMING HIS NOTICE
### OF APPEAL AS TIMELY FILED

Defendant Larry Matthews hereby moves the Court deem his notice of appeal dated June 14, 2005 as timely filed, and states the following reasons therefor:

The First Circuit has pointed out that the notice of appeal was not timely filed. See attachment "A" hereto. Apparently defendant Matthews' trial attorney filed a notice of appeal but there was still an outstanding motion pending, or a motion was filed after the original notice of appeal and then acted on by this Court. Once the case reached the First Circuit, undersigned counsel was appointed by the appellate court to represent Mr. Matthews on appeal.

Normally undersigned counsel does not get involved in the notice of appeal. Rather, the case is assigned after it has been appealed by trial counsel or defendant acting pro se. Undersigned appellate counsel received his appointment from the First Circuit along with the usual appearance form and docketing statement form, as well as a note that the relevant transcripts had been ordered. However, upon receiving a copy of the docket entries from the First Circuit, newly assigned counsel looked them over and noticed that there had been action on an outstanding motion that did not appear to have been appealed. Out of an abundance of caution, even though defendant was still represented

in this Court by trial counsel, the undersigned promptly mailed a notice of appeal addressed to the most recent motion denial. This was done solely on the basis of the docket entry as appellate counsel had not yet received the case file from the trial attorney. See attachment "B" hereto.

The fact that the May 20, 2005 motion denial was not appealed by trial counsel or defendant may have been an oversight. However, a notice of appeal had been filed earlier as that is how the case got to the First Circuit. As stated, upon receiving the docket entries, newly assigned appellate counsel promptly filed a new notice of appeal. Thus, there has been diligent prosecution of this case and the appeal and, under FR App P 4(b), defendant asks the Court enlarge the time for filing a notice of appeal so the June 14, 2005 notice will be deemed timely.

Respectfully submitted,

22 July 2005

*/s/ William Hahn*
WILLIAM A. HAHN, BBO #216690
HAHN & MATKOV
101 Tremont St., Suite 1109
Boston, Mass. 02108
1-617-338-8333

CERTIFICATE OF SERVICE

I hereby certify a copy of this motion has been mailed this day, postage prepaid, to Dina Michael Chaitowitz, US Attorney's Office, Moakley US Courthouse, 1 Courthouse Way, Boston, Mass. 02210.

22 July 2005                                */s/ William Hahn*

# United States Court of Appeals
## For the First Circuit

No. 05-1925

UNITED STATES,
Appellee,

v.

LARRY MATTHEWS, a/k/a Jermaine, a/k/a Germaine,
Defendant, Appellant.

---

### ORDER OF COURT

**Entered: July 15, 2005**

Upon review of the record in this case, it appears that this Court may not have jurisdiction to consider this appeal. The defendant's notice of appeal, filed on June 16, 2005 in CR. No.03-10352 (D. Mass.), from the order that entered on May 24, 2005, 2005, is late. Fed. R. App. P. 4(b) (notice of appeal in criminal case must be filed within ten days of the judgment or order appealed from). The notice of appeal, however, was filed within the thirty days immediately following that ten-day period. Id. The district court, upon a showing of excusable neglect, may enlarge the time for filing a notice of appeal filed within that thirty-day period. Accordingly, should appellant choose to file a motion requesting that the district court consider the notice of appeal timely filed, he must provide this court with proof of so filing. See U.S. v. Batista, 22 F.3d 492 (2nd Cir. 1994) (treating late notice of appeal in a criminal case as a request to extend the time to appeal).

Accordingly, appellant is ordered either to move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42(b), or to show cause, in writing filed by **July 29, 2005,** why this appeal should not be dismissed for lack of jurisdiction. The failure to take either action will lead to dismissal of the appeal for lack of diligent prosecution. Loc. R. 3(b).

By the Court:

Richard Cushing Donovan, Clerk

By: _____
Operations Manager.

[cc: Mr. Hahn and Ms. Bower]

# GEORGE F. GORMLEY, P.C.

ATTORNEYS AND COUNSELORS AT LAW

655 SUMMER STREET

BOSTON, MASSACHUSETTS 02210

(617) 478-2750

GEORGE F. GORMLEY
CHRISTIE M. CHARLES

FAX: (617) 478-2755

OF COUNSEL
FEDELE AND MURRAY, P.C.

"B"

June 16, 2005

**VIA COURIER**
William A. Hahn
Hahn & Matkov
101 Tremont Street
Suite 1109
Boston, MA 02108

Re:   Larry Matthews
      Appeal No. 05-1655

Dear Mr. Hahn:

Enclosed please find a complete copy of our file pertaining to the representation of Larry Matthews in the United States District Court. Each "sub-folder" from our original file is separated by a sheet of colored paper.

Please do not hesitate to contact us should you wish to discuss Mr. Matthews' case.

Thank you – and best of luck with the appeal.

Very truly yours,

*Christie M. Charles*

Christie M. Charles

CMC/an
Enclosures