UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 03-10352-JLT |
| | * | |
| LARRY MATTHEWS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

June 29, 2009

TAURO, J.

Presently at issue is Magistrate Judge Collings's April 20, 2009 Report and Recommendation advising summary dismissal of Defendant Larry Matthews's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. For the following reasons, this court DEFERS final judgment with respect to the Report and Recommendation and REMANDS the § 2255 motion to Magistrate Judge Collings for further findings.

On September 9, 2004, a jury convicted Matthews of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Matthews's Presentence Report scored him as an Armed Career Criminal ("ACC") pursuant to 18 U.S.C. § 924(e). Among the predicate convictions used to qualify Matthews for ACC enhanced sentencing was a 1992 juvenile adjudication for assault to kill and assault and battery with a dangerous weapon. Prior to sentencing, Matthews challenged the use of the juvenile conviction as an ACC predicate offense. Matthews again challenged the use of the juvenile conviction as an ACC predicate offense in an

appeal to the First Circuit.[1]  A core issue of Matthews's appeal was the reliability of the juvenile adjudication.[2]

Matthews's § 2255 Motion challenges the use of a police report to establish that the offense at issue in the juvenile adjudication involved a knife.[3]  Matthews argues that Shepard v. United States[4]—a case cited repeatedly in his brief to the First Circuit—invalidates the use of the police report to establish Matthews's use of a knife in the predicate juvenile offense.  The consequence of such invalidation would be that the juvenile adjudication would no longer qualify as a predicate offense for ACC purposes.  By raising the reliability of the use of the juvenile adjudication as an issue on appeal,[5] Matthews has preserved his right to a § 2255 motion on this issue.  The merits of his argument should be considered.

The matter is REMANDED to Magistrate Judge Collings for further consideration of the merits of Matthews's challenge.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge

---

[1] See United States v. Matthews, 498 F.3d 25 (1st Cir. 2007).

[2] See id. at 34.

[3] The knife is significant because the ACC statute defines "violent felony" to include "any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device . . . ." 18 U.S.C.A. § 924(e)(2)(B) (West 2009).

[4] 544 U.S. 13 (2005).

[5] Matthews also raised the issue in a petition for rehearing with the First Circuit, which was treated as a motion to recall mandate, and again in a petition for writ of certiorari.